| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>_____X<br>MAURICE MCKAY<br><br>                    Plaintiff,<br><br>          -against-<br><br><br><br>THE CITY OF NEW YORK, TRIBOROUGH<br>BRIDGE AND TUNNEL AUTHORITY ('TBTA"),<br>TBTA POLICE OFFICER MICHAEL CHIAIA, Shield #2507,<br>POLICE OFFICERS JOHN DOES #1-4,<br><br>                    Defendants,<br>_____X | ECF CASE<br><br>JUDGE _____<br><br>05 CV _____<br><br><br><br>**COMPLAINT**<br><br>PLAINTIFF<br>DEMANDS<br>TRIAL BY JURY |

PLAINTIFF MAURICE MCKAY by his attorney DAVID A. ZELMAN, Esq., for his COMPLAINT, alleges upon information and belief, as follows:

I. PRELIMINARY STATEMENT

1.   This is a civil rights action in which PLAINTIFF MAURICE MCKAY (hereinafter "MCKAY") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about April 23, 2005, at or near a toll booth on the Throgs Neck Bridge, Throgs Neck Expressway to Glennon Place, in Bronx County, MCKAY, while innocently sitting in his car, was assaulted and seized by New York City Police Officer MICHAEL CHIAIA (hereinafter "CHIAIA"). It

is alleged that the CITY OF NEW YORK (hereinafter "CITY"), the TBTA and CHIAIA failed to investigate the facts, and therefore falsely assaulted and arrested MCKAY in violation of his constitutional rights, and as a result MCKAY was detained for approximately 13 hours. Following the arrest, the CITY OF NEW YORK informed MCKAY's superiors at the New York Police Department (hereinafter "NYPD") of the arrest. As a result, MCKAY was suspended from his duties as a police officer and, thereafter, assigned him to modified duty, resulting in a loss of earnings and damage to his reputation as a police officer. Plaintiff alleges excessive force. Plaintiff appends state law claims.

## II.  JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFF's state law claims.

## III.  PARTIES

3. MCKAY at all times resided at 40 Princess Avenue, Bayshore, New York 11706.

4. Defendant CITY is the municipal corporation that operates the New York City Police Department.

5. P.O. CHIAIA was a police officer of the New York City Police Department (hereinafter "NYPD") and/or TBTA, and at all relevant times hereto, acted in that capacity as an agent, servant, and /or employee of Defendant CITY and/or TBTA

and within the scope of his employment. At all relevant times hereto, CHIAIA was acting under the color of state and local law. Defendant CHIAIA is sued in his individual and official capacities.

6. At all times relevant hereto, Defendant POLICE OFFICER(S) JANE / JOHN DOE(S) 1-4 (hereinafter "DOE(S)") was /were New York City police officers and/or TBTA officers who took part in implementing, enforcing, and /or effectuating the arrest that is the subject policy of this action. At all times relevant hereto, Defendant(s) DOE(S) was /were acting in the capacity of agent(s), servant(s) and employee(s) of the Defendant CITY and/or TBTA, and within the scope of his /her /their employment as such. Plaintiff is unable to determine the names of these Defendant Officer(s) at this time and thus sues them under a fictitious designation. Defendant DOE(S) is /are sued in his/ her /their individual and official capacities.

7. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

8. At all relevant times hereto, Defendant TBTA was responsible for making and enforcing the policies of TBTA and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

9. On or about April 23, 2005, at about 6:31 p.m., MCKAY was sitting in his car at a toll booth on the Throgs Neck Bridge in the Bronx. He was awaiting change from the currency that he had tendered to the toll booth operator.

10. CHIAIA ordered MCKAY to get off the cell phone. MCKAY complied with the order.

11. CHIAIA ordered MCKAY to produce his license and registration. MCKAY declined to do so.

12. Following repeated demands and refusals for a license and registration, CHIAIA and/or John Doe #1-4 poked a mace device into MCKAY's car through the driver's side window and maced MCKAY in the face. CHIAIA and/or John Doe #1-4 then unlawfully entered MCKAY's car, seized MCKAY, dragged him out of his car and handcuffed him, injuring him in the process.

13. Following this unlawful seizure, MCKAY was unlawfully held in police custody for approximately 13 hours. He was formally arrested at about 1:20 a.m. on April 24, 2005.

14. MCKAY remained in police custody until his arraignment in Bronx County Supreme Court on April 24, 2005. During his incarceration, he was fingerprinted and photographed by the police.

15. MCKAY was charged with two Class A Misdemeanor charges, *viz.*, Resisting Arrest, PL § 205.30; and Obstruction of Governmental Administration, PL § 195.05; and with two Violation charges, *viz.*, Disorderly Conduct, PL §§ 240.20 (1) and (5).

16. On April 24, 2005, MCKAY was taken to the Emergency Department of Southside Hospital, 301 E. Main Street, Bay Shore, NY 11706, where he was treated for contusions that had resulted from the police conduct during his unlawful arrest.

17. MCKAY was and is a police officer for the Metropolitan Transportation Authority. His superiors were informed of his arrest, and MCKAY was promptly suspended form duty for approximately a month, after which he was assigned to modified duties, resulting in a loss of wages and overtime pay.

18. On August 12, 2005, both Misdemeanor charges and both Violation charges were dismissed, and MCKAY pleaded guilty to two Traffic Infractions, *viz.*, Avoiding Intersection Traffic Control Device, VTL § 1225; and Failure to Obey Officer Regulating Traffic, VTL § 1102. McKay was issued and paid a fine of $150.

19. MCKAY suffered considerable economic damages as a direct result of the arrest, prosecution, damage to reputation, excessive detention and imprisonment.

20. MCKAY suffered greatly and was emotionally traumatized by the arrest, prosecution, excessive detention and imprisonment.

21. MCKAY suffered damage to his reputation as a result of the arrest, prosecution, excessive detention and imprisonment.

V. FIRST CAUSE OF ACTION
Pursuant to §1983 (FALSE ARREST)

22. Paragraphs 1 through 21 of this complaint are hereby realleged and incorporated by reference herein..

23. That Defendants had neither valid evidence for the arrest of MCKAY nor legal cause or excuse to seize and detain MCKAY for a period of approximately 13 hours.

24. That in detaining MCKAY for a period of 13 hours without a fair and reliable determination of probable cause, Defendant CITY and/or TBTA abused its power and authority as policymaker of the TBTA and/or New York City Police Department under the color of State and/or local law.

25. Upon information and belief, it was the policy and/or custom of Defendant TBTA and/or CITY to inadequately supervise and train their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

26. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant TBTA and/or CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

27. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the TBTA and/or CITY to the constitutional rights of arrestees and were the cause of the violations of MCKAY rights alleged herein.

28. By reason of Defendants' acts and omissions, Defendant, acting under color of state law and within the scope of its authority, in gross and wanton disregard of MCKAY's rights, subjected MCKAY to an unlawful, illegal and excessive detention,

in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

29. By reason of the foregoing, MCKAY suffered mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

30. Paragraphs 1 through 29 are hereby realleged and incorporated by reference herein.

31. That the incident that resulted from the intentional application of physical force by defendant CHIAIA and/or JOHN DOES #1-4 constituted a seizure.

32. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

33. That defendant CHIAIA and/or JOHN DOES #1-4 had no legal cause or reason to use excessive force in effectuating MCKAY's arrest.

34. That defendant CHIAIA and/or JOHN DOES #1-4 violated MCKAY's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

35. That MCKAY's actions did not warrant the use of excessive force.

36. That at the time of the arrest, MCKAY did not pose a threat to the safety of the arresting officers, defendants CHIAIA and/or JOHN DOES #1-4.

37. That MCKAY was not actively resisting arrest or attempting to evade arrest.

38. That defendant CITY and/or TBTA, through its officers, agents, and employees, unlawfully subjected MCKAY to excessive force while effectuating his arrest.

39. That the defendant CHIAIA's actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

40. That by reason of defendant CHIAIA's and/or JOHN DOES #1-4 acts and omissions, CHIAIA and JOHN DOES #1-4 acting under color of state law and within the scope of their authority, in gross and wanton disregard of MCKAY's rights, subjected MCKAY to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

41. That upon information and belief, in 2005 and thereafter, defendant CITY and/or TBTA had a policy or routine practice of using excessive force when effectuating arrests.

42. That upon information and belief, it was the policy and /or custom of defendant CITY and/or TBTA to inadequately train, supervise, discipline, and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

43. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY and/or TBTA, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

44. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY and/or TBTA to the constitutional rights of arrestees and were the cause of the violations of MCKAY's rights alleged herein.

45. By reason of the foregoing, MCKAY suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VII THIRD CAUSE OF ACTION
### Pursuant to §1983 (MALICIOUS PROSECUTION)

46. Paragraphs 1 through 45 are hereby realleged and incorporated by reference herein.

47. That defendant CHIAIA and/or JOHN DOES #1-4, with malicious intent, arrested MCKAY and initiated a criminal proceeding despite the knowledge that MCKAY had committed no crime.

48. That all criminal charges were dismissed following MCKAY's agreement to plead guilty to two traffic violations.

49. That there was no probable cause for the arrest and criminal proceeding.

50. That by reason of defendant CHIAIA's and/or JOHN DOES #1-4's acts and omissions, defendants CHIAIA and/or JOHN DOES #1-4, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of MCKAY's rights, deprived MCKAY of his liberty when it maliciously

prosecuted his and subjected his to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

51. That upon information and belief, defendant CITY and/or TBTA had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, MCKAY was maliciously prosecuted despite the fact that she had committed no violation of the law.

52. That upon information and belief it was the policy and /or custom of defendant CITY and/or TBTA to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

53. That as a result of the above described policies and customs, defendants CHIAIA and/or TBTA, staff, agents and employees of defendant CITY and/or TBTA believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

54. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of MCKAY's rights alleged herein.

55. By reason of the foregoing, MCKAY suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### VIII: FOURTH CAUSE OF ACTION
Pursuant to U.S. CONST., AMEND. I; N.Y. STATE CONST. ART. I, § 12,

56. Paragraphs 1 through 55 of this complaint are hereby realleged and incorporated by reference herein.

57. That defendant was lawfully exercising a protected right under the First Amendment of the United States Constitution and Article I, § 12 of the New York State Constitution.

58. That MCKAY, in response to his lawful exercise of constitutional rights, suffered an adverse action by the Defendants.

59. That each and every one of the police actions set forth in Section IV, FACTS, ¶¶ 9-15, and all of said actions collectively, would tend to deter or chill a reasonable person from exercising his Constitutional rights.

60. By reason of the foregoing, MCKAY suffered mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, MCKAY has suffered and will continue to suffer the loss of his earning and other compensation which

such employment entails, out-of-pocket medical expenses and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced emotional and physical distress.

WHEREFORE, MCKAY respectfully requests that judgment be entered:

1. Awarding MCKAY compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding MCKAY punitive damages in an amount to be determined by a jury;

3. Awarding MCKAY interest from April 23, 2005; and

4. Awarding MCKAY reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

DATED: Brooklyn, New York
        October 14, 2005

 

_____
DAVID A. ZELMAN, ESQ.
(dz 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072