USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/05



**MEMO ENDORSED**

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

Anna Nguyen
*Assistant Corporation Counsel*
Tel.: (212) 788-0971
Fax: (212) 788-9776

November 22, 2005

BY HAND
Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

       Re: McKay v. City of New York, et al., 05 CV 8936 (KMK)(JCF)

Dear Judge Karas:

       I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney for defendant City of New York ("City"). I am writing to respectfully request a sixty-day enlargement of time, from November 22, 2005 to January 23, 2006 within which this office may answer or otherwise respond to the complaint. This is the City's first request for an enlargement of time in this action. I write directly to the Court on this matter because I have been unable to reach plaintiff's counsel, David Zelman, Esq., despite having left him a message earlier today.

       As a threshold matter, a review of the docket sheet reflects that on November 15, 2005 an Order was issued in this case wherein this action was consolidated with *Schiller v. City of New York*, 04 CV 7922, as related to the protest activity and arrests during the Republican National Convention. However, it appears this consolidation order may have been in error as this action does not involve protest activity and arrests during the 2004 Republican National Convention. Rather, the complaint in the instant action alleges, *inter alia*, that plaintiff was subjected to false arrest and excessive force in the vicinity of the Throgs Neck Bridge in the Bronx on April 23, 2005. The complaint also alleges plaintiff was maliciously prosecuted. In addition to the City of New York, the complaint purports to name the "Triborough Bridge and Tunnel Authority," "TBTA Police Officer Michael Chiaia, Shield #2507," and "Police Officers John Does #1-4" as defendants. Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. The enlargement of time will afford us the opportunity to investigate the matter.

Moreover, the enlargement will allow us to ascertain whether the individually named defendant, Officer Chiaia, has been served. If service has been effectuated then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent Officer Chiaia. Officer Chiaia must then decide whether he wishes to be represented by this office. If so, we must obtain his written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

In view of the foregoing, it is respectfully requested that the Court grant the within request extending the City's time to answer or otherwise respond to the complaint until January 23, 2006.

Thank you for your consideration in this regard.

Respectfully submitted,

Anna Nguyen (AN 6973)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: BY HAND
Honorable James C. Francis IV
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

BY FAX
David A. Zelman, Esq.
Attorney for Plaintiff
612 Eastern Parkway
Brooklyn, New York 11225
Fax: (718) 604-3074

Defendants are given until January 23, 2006 to answer or otherwise respond to the complaint.

SO ORDERED
KENNETH M. KARAS U.S.D.J.