

**MEMO ENDORSED**

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

Anna Nguyen
*Assistant Corporation Counsel*
Tel.: (212) 788-0971
Fax: (212) 788-9776

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/27/06

January 19, 2006

BY HAND
Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re: McKay v. City of New York, et al., 05 CV 8936 (KMK)(JCF)

Dear Judge Karas:

        I apologize in advance for burdening the Court with this matter. However, I am in receipt of Mr. Zelman's letter dated January 18, 2006, and defendant City of New York respectfully submits a brief response thereto.

        As stated in defendant's January 18, 2006 letter application, the § 160.50 release is necessary not only to access the Criminal Court and District Attorney records, but to obtain police records as well. Because plaintiff provided this office with the § 160.50 release only two days ago, the enlargement of time is requested to allow this office time to process the release and to obtain the corresponding records. Defendant further notes that this office has been unable to obtain any records to date on its own accord without the release.

        In regards to the medical release, defendant respectfully reiterates from its January 18, 2006 letter that the copy received from plaintiff's counsel does not appear to be HIPAA-compliant as plaintiff's form does not contain all the HIPAA forms and components as was present in the standard, HIPAA-compliant, official form that this office sent to plaintiff on two prior occasions. This office will nonetheless attempt to process the release once we receive the original in the mail from plaintiff's counsel,[1] and respectfully requests the Court set a date certain by which plaintiff must provide a HIPAA-compliant medical release to this office.

---

[1] An original medical authorization, and not a photocopy thereof, is required for the release to be processed.

      Finally, defendant City respectfully submits that the releases it requires in order to respond to the complaint are not discovery demands. Rather, they are a tool that allows the Corporation Counsel to access files and relevant paperwork regarding plaintiff's underlying arrest in order to investigate the allegations of the complaint and properly respond in accordance with our obligations under Fed. R. Civ. P. 11. See Mem. and Order of Magistrate Judge Mann dated Jan. 4, 2006, annexed hereto, (E.D.N.Y., 05 CV 5521) (directing plaintiff's counsel to execute and return to defense counsel releases for the District Attorney, Criminal Court and police records, as well as medical release, to prevent delay in the litigation of the case). Contrary to Mr. Zelman's indications that this office waited until the "eve" of the deadline to contact him, defendant respectfully submits that this office sent the authorizations to plaintiff's counsel on December 2, 2005 and January 9, 2006. Only upon our third attempt by calling Mr. Zelman on January 17, 2006 to follow-up on the status of the releases were we faxed copies of plaintiff's own authorizations, which Mr. Zelman had in his possession since August 7, 2005.

      In view of the foregoing, defendant City respectfully reiterates its requests that the Court set a date certain for plaintiff to provide defendant with a HIPAA-compliant medical release, and extending the City's time to answer or otherwise respond to the complaint until March 9, 2006.

      Thank you for your time and consideration in this regard.

Respectfully submitted,

*Anna Nguyen*

Anna Nguyen (AN 6973)
Assistant Corporation Counsel

Enc.

CC: David A. Zelman, Esq. (via fax)
Fax: (718) 604-3072

[Handwritten order:] Plaintiff shall, upon receipt, promptly execute and return to Defense Counsel a HIPAA-compliant medical release if Plaintiff is claiming physical and/or psychological injuries from Defendants' alleged conduct. Immediately upon receipt of any released materials Defense counsel shall furnish copies to Plaintiff's counsel. Defendants are therefore given until February 26, 2006 to answer or otherwise respond to the Complaint.

SO ORDERED
KENNETH M. KARAS U.S.D.J.
1/25/06