UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

Maurice McKay,

                                    Plaintiff,

-against-

The City of New York, Triborough Bridge and Tunnel Authority ("TBTA"), TBTA Police Officer Michael Chiaia, Shield #2507, Police Officers John Does #1-4,

                                    Defendants.

**ANSWER ON BEHALF OF DEFENDANT CITY OF NEW YORK**

05 CV 8936 (KMK)

Jury Trial Demanded

------------------------------------------------------------------- x

        Defendant City of New York ("City") by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.      Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

        2.      Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the jurisdiction and pendant jurisdiction of this Court as stated therein.

        3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

        4.      Denies the allegations set forth in paragraph "4" of the complaint, except admits that the City of New York is a municipal corporation and that the City of New York maintains a police department.

        5.      Denies the allegations set forth in paragraph "5" of the complaint, except admits that Officer Chiaia is a police officer with the New York City Bridge and Tunnel

Authority and that he is being sued in his individual and official capacities. See Crim. Ct. Compl., at 2, annexed hereto as Ex. "A" (wherein Chiaia states that he is "a New York City Bridge and Tunnel Authority officer").

6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff purports to sue the "Doe" defendants in their individual and official capacities.

7.  Paragraph "7" of the complaint sets forth conclusions of law rather than averments of fact to which no response is required.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admits that on or about April 23, 2005 at 6:31 p.m., plaintiff was present at the Throgs Neck Bridge. See Crim. Ct. Compl., at 1, annexed hereto as Ex. "A."

10.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.  Denies the allegations set forth in paragraph "13" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's time spent in police custody, and admits that plaintiff was arrested on or

about April 24, 2005.  See Command Log Excerpt for the 45th Precinct, annexed hereto as Ex. "B"; see also Arrest Report, annexed hereto as Ex. "C."[1]

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, except admits that plaintiff was arraigned at the Bronx County Criminal Court on or about April 24, 2005.

15. Admits the allegations set forth in paragraph "15" of the complaint.  See Crim. Ct. Compl., at 1, annexed hereto as Ex. "A"

16. Denies the allegations set forth in paragraph "16" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning alleged police conduct, and admits that on April 24, 2005 plaintiff was present at the Southside Hospital Emergency Department.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint, and admits that plaintiff purports to be a police officer with the Metropolitan Transit Authority.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint, except admits that on or about August 10, 2005, plaintiff pled guilty to VTL § 1225 and VTL § 1102.  See Crim. Ct. Docs. for Docket No. 2005BX031533, annexed hereto as Ex. "D."

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

---

[1] Defendant City respectfully notes that the arresting officer's social security number and other police activity not related to this action have been redacted.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendant repeats and realleges the responses set forth in the paragraphs "1" through "21" of this answer as if fully set forth herein.

23. Denies the allegations set forth in paragraph "23" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged period of detention.

24. Denies the allegations set forth in paragraph "24" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged period of detention.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendant repeats and realleges the responses set forth in the paragraphs "1" through "29" of this answer as if fully set forth herein.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendant repeats and realleges the responses set forth in the paragraphs "1" through "45" of this answer as if fully set forth herein.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint, except admits that plaintiff pled guilty to two traffic violations. See Crim. Ct. Docs. for Docket No. 2005BX031533, annexed hereto as Ex. "D."

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. Denies the allegations set forth in paragraph "55" of the complaint.

56. In response to the allegations set forth in paragraph "56" of the complaint, defendant repeats and realleges the responses set forth in the paragraphs "1" through "55" of this answer as if fully set forth herein.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the complaint.

58. Denies the allegations set forth in paragraph "58" of the complaint.

59. Denies the allegations set forth in paragraph "59" of the complaint.

60. Denies the allegations set forth in paragraph "60" of the complaint.

61. Denies the allegations set forth in the paragraph entitled "INJURY AND DAMAGES" and all subparts thereto.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

62. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

63. Defendant City has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

64. At all times relevant to the acts alleged in the complaint, defendant City acted reasonably in the proper and lawful exercise of its discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

65. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendant City.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

66. This action may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

67. This action may be barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

68. There was probable cause for plaintiff's arrest and detention.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

69. To the extent the complaint alleges claims against the City of New York under state law, such claims are barred by the doctrines of immunity from judgmental errors in the exercise of governmental functions.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

70. Punitive damages are not obtainable as against the City of New York.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

71. Plaintiff has failed to comply with New York General Municipal Law § 50-e.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

72. Michael Chiaia is not an employee of the City of New York.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         February 24, 2006

                                   MICHAEL A. CARDOZO
                                   Corporation Counsel of the
                                     City of New York
                                   Attorney for Defendant City of New York
                                   100 Church Street, Room 3-217
                                   New York, New York 10007
                                   (212) 788-0971

                           By:     _____
                                   Anna Nguyen (AN 6973)
                                   Assistant Corporation Counsel
                                   Special Federal Litigation

To:   BY ECF
      David A. Zelman, Esq.
      Attorney for Plaintiff

- 8 -

Index No. 05 CV 8936 (KMK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Maurice McKay,

          Plaintiff,

-against-

The City of New York, Triborough Bridge and Tunnel Authority ("TBTA"), TBTA Police Officer Michael Chiaia, Shield #2507, Police Officers John Does #1-4,

          Defendants.

### ANSWER ON BEHALF OF DEFENDANT CITY OF NEW YORK

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
 *Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Anna Nguyen*
*Tel: (212) 788-0971*
*NYCLIS No. 05SF025528*

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................................, 200......*

*............................................................................ Esq.*

*Attorney for ...........................................................*