```
BAM/ll/#839577
BT-05-04-23-01-888
```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
MAURICE MCKAY,

                     Plaintiff,                **ANSWER ON BEHALF OF DEFENDANT TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY**

    -against-

THE CITY OF NEW YORK, TRIBOROUGH
BRIDGE AND TUNNEL AUTHORITY ("TBTA")   05 CV 8936(KMK)(JCF)
TBTA POLICE OFFICER MICHAEL CHIAIA,
Shield #2507 POLICE OFFICERS JOHN
DOES #1-4,

                     Defendants.
- - - - - - - - - - - - - - - - - - -X

      Defendant, TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY sued herein as "TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY ("TBTA") for its verified answer to the complaint of the plaintiff herein:

### I. PRELIMINARY STATEMENT

      1. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 1.

### II. JURISDICTION

      2. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered "2" except admits that the plaintiff purports to bring this action, seek relief, and invoke the jurisdiction of the court as stated therein.

### III. THE PARTIES

3. Denies that it has any knowledge or information thereof sufficient to form a belief as to allegation contained in paragraph of the complaint numbered 3.

4. Denies that it has any knowledge or information thereof sufficient to form a belief as to the allegation contained in paragraph of the complaint numbered 4.

5. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 5, except admits that MICHAEL CHIAIA was employed by the TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY and that the plaintiff purports to sue MICHAEL CHIAIA in his individual and official capacity.

6. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 6.

7. Denies that it has any knowledge or information thereof sufficient to form a belief as to allegations contained in paragraph of the complaint numbered 7.

8. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 8.

## IV. FACTS

9. Denies that it has any knowledge or information thereof sufficient to form a belief as to allegations contained in paragraph of the complaint numbered 9.

10. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 10 except admits that CHIAIA requested that McKAY "hang up" his cell phone.

11. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 11, except admits that CHIAIA requested that MCKAY produce his driver's license and registration and MCKAY declined to do so.

12. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 12.

13. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 13.

14. Denies that it has any knowledge or information thereof sufficient to form a belief as to allegations contained in paragraph of the complaint numbered 14.

15. Denies that it has any knowledge or information thereof sufficient to form a belief as to allegations contained in paragraph of the complaint numbered 15.

16. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 16.

17. Denies that it has any knowledge or information thereof sufficient to form a belief as to allegations contained in paragraph of the complaint numbered 17.

18. Denies that it has any knowledge or information thereof sufficient to form a belief as to allegations contained in paragraph of the complaint numbered 18.

19. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 19.

20. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 20.

21. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 21.

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

22. In response to the allegations set forth in paragraph 22 of the complaint, defendant TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, repeats and reiterates the responses set forth in paragraphs 1-21, inclusive of this answer, as if fully set forth herein.

23. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 23.

24. Denies, upon information and belief, the

allegations contained in paragraph of the complaint numbered 24.

25. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 25.

26. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 26.

27. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 27.

28. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 28.

29. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 29.

## VI SECOND CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

30. In response to the allegations set forth in paragraph 30 of the complaint, defendant, TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, repeats and reiterates the responses set forth in paragraphs "1-29" inclusive of this answer, as if fully set forth herein.

31. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 31.

32. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 32.

33. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 33.

34. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 34.

35. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 35.

36. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 36.

37. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 37.

38. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 38.

39. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 39.

40. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 40.

41. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 41.

42. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 42.

43. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 43.

44. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 44.

45. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 45.

### VII   THIRD CAUSE OF ACTION
### PURSUANT TO §1983 (MALICIOUS PROSECUTION)

46. In response to the allegations set forth in paragraph 46 of the complaint, defendant TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY repeats and reiterates the responses set forth in paragraphs 1-45, inclusive of this answer, as if fully set forth herein.

47. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 47.

48. Denies that it has any knowledge or information thereof sufficient to form a belief as to allegations contained in paragraph of the complaint numbered 48.

49. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 49.

50. Denies, upon information and belief, the

allegations contained in paragraph of the complaint numbered 50.

51. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 51.

52. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 52.

53. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 53.

54. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 54.

55. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 55.

### VII: FOURTH CAUSE OF ACTION
### Pursuant to U.S. CONST. AMEND 1, N.Y. STATE CONST. ART.1, § 12

56. In response to the allegations set forth in paragraph "56" of the complaint, defendant TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY repeats and reiterates the responses set forth in paragraphs 1-55, inclusive of this answer, as if fully set forth herein.

57. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 57.

58. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 58.

59. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 59.

60. Denies, upon information and belief, the allegations contained in paragraph of the complaint numbered 60.

**FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE(S) OF ACTION OF PLAINTIFF(S), DEFENDANT(S), TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, ALLEGE(S), UPON INFORMATION AND BELIEF:**

61. That whatever injuries the plaintiff may have sustained at the time and place mentioned in the complaint, were caused, in whole or part, by the culpable conduct including but not limited to assumption of risk, if applicable, of the said plaintiff(s), said conduct having contributed thereto of the said plaintiff, said culpable conduct having contributed thereto.

62. The amount of damages recovered, if any, shall therefore be diminished in the proportion which the said culpable conduct including but not limited to assumption of risk, if applicable attributable to the plaintiff bears to the culpable conduct which caused the said damages.

**FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE(S) OF ACTION OF PLAINTIFF, DEFENDANT, TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, ALLEGE(S), UPON INFORMATION AND BELIEF:**

63. Plaintiff's claim for punitive damages against the defendant TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY must be dismissed as the said TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY is a governmental entity and, as such, is not liable for punitive damages.

**FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE(S) OF ACTION OF PLAINTIFF(S), DEFENDANT(S), TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, ALLEGE(S), UPON INFORMATION AND BELIEF:**

64. Plaintiff's complaint fails, in whole or in part to state a claim upon which relief can be granted.

**FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE(S) OF ACTION OF PLAINTIFF(S), DEFENDANT(S), TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, ALLEGE(S), UPON INFORMATION AND BELIEF:**

65. The court lacks jurisdiction of plaintiff's pendent state claims.

**FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE(S) OF ACTION OF PLAINTIFF(S), DEFENDANT(S), TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, ALLEGE(S), UPON INFORMATION AND BELIEF:**

66. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY employees entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY is entitled to governmental immunity from liability.

**FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE(S) OF ACTION OF PLAINTIFF, DEFENDANT, TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, ALLEGE(S), UPON INFORMATION AND BELIEF:**

67. TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY and its employees have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or Laws of the United States or the State of New York or any political subdivision thereof, nor has any defendant violated any act of Congress providing for the protection of civil rights.

FOR A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE OF ACTION OF PLAINTIFF, DEFENDANT, TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, ALLEGE(S), UPON INFORMATION AND BELIEF:

68. There was probable cause for plaintiff's arrest.

WHEREFORE, defendant, TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, demands judgment dismissing the complaint of the plaintiff with costs.

Dated: Brooklyn, New York
       February 27, 2006

                    WALLACE D. GOSSETT
                    Attorney for defendant
                    TRIBOROUGH BRIDGE AND TUNNEL
                    AUTHORITY
                    Office and Post Office Address
                    130 Livingston Street
                    Brooklyn, New York  11201
                    (718) 694-3884

By:                 *[signature]*
                    BRIDGET MULVENNA (BM 7989)
                    Assistant General Counsel

TO:   LAW OFFICE OF DAVID A. ZELMAN, ESQ.
      Attorney for Plaintiff
      612 Eastern Parkway
      Brooklyn, New York 11225
      (718) 604-3072

      THE CITY OF NEW YORK
      Law Department
      100 Church Street
      New York, New York 10007
      Attn: Anna Nguyen
      Assistant Corporation Counsel
      (212) 788-0971