UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICE MCKAY,

                Plaintiff,

  -v-

TRIBOROUGH BRIDGE AND TUNNEL
AUTHORITY et al,

                Defendants.

No. 05 Civ. 8936 (RJS)

AMENDED MEMORANDUM AND ORDER

RICHARD J. SULLIVAN, District Judge:

      Plaintiff Maurice McKay ("Plaintiff" or "McKay") brings this action against defendants Triborough Bridge and Tunnel Authority ("TBTA") and TBTA police officers Michael Chiaia, Michael Albano, Jose Vasquez, Clarence Whitaker, and Michael Zino (collectively "Defendants"), alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. On or about August 3, 2007, approximately five months after the close of discovery in this case, Defendants served a subpoena on Plaintiff's employer, Metropolitan Transportation Authority ("MTA"), seeking Plaintiff's personnel, disciplinary, training, and other files maintained by the MTA (the "subpoena"). Pending before the Court is Plaintiff's motion to quash the subpoena and Defendants' letter in opposition, which the Court construes as a motion to reopen discovery, requesting that the Court order the production of documents as identified in the subpoena. For the following reasons, Defendants' request to reopen discovery is denied.

      A district court has broad discretion "to direct and manage the pre-trial discovery process." *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004). As part of that discovery process, Rule 16(b) of the Federal Rules of Civil Procedure requires district courts to enter scheduling orders that limit the parties' time to complete discovery. Fed. R. Civ. Pro.

16(b)(3). The order "shall not be modified except upon a showing of good cause" and only by leave of the district judge. *Id.*; 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990); *George v. Ford Motor Co.*, No. 03 Civ. 7643 (GEL), 2007 WL 2398806, at *12 (S.D.N.Y. Aug. 17, 2007) (noting that discovery is governed by the scheduling order and "may not be conducted after the close of discovery absent good cause to modify that order"). A party seeking relief from the discovery schedule, including the reopening of discovery when discovery has closed, must make an application to the Court demonstrating why good cause exists to modify the schedule. *Gray v. Town of Darien,* 927 F.2d 69, 74 (2d Cir. 1991). Whether good cause exists "depends on the diligence of the moving party." *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003); Fed. R. Civ. P. 16 Advisory Committee's Note (party seeking modification must show that the deadline could not "reasonably be met despite the diligence of the party seeking" modification); Wright, Miller, and Kane, *supra* § 1522.1; *see also Vilkhu v. City of New York*, No. 06 Civ. 2095 (CPS) (JO), 2007 WL 2713340, at *5 (E.D.N.Y. Sept. 13, 2007) (noting that, in assessing good cause, the Court should consider several factors, including "the diligence *vel non* of the party requesting an extension, bad faith *vel non* of the party opposing such extension, the phase of the litigation and prior knowledge of and notice to the parties") (internal citations and quotations omitted).

In addition, district courts have held that parties may not issue subpoenas "as a means to engage in discovery after the discovery deadline has passed." *Dodson v. CBS Broad. Inc.*, No. 02 Civ. 9270 (KMW) (AJP), 2005 U.S. Dist. LEXIS 30126, at *3-4 (S.D.N.Y. Nov. 29, 2005) (collecting cases); *Ellis v. City of New York*, 243 F.R.D. 109, 112 (S.D.N.Y. 2007); *Playboy Enters. Int'l Inc. v. On Line Entm't, Inc.*, No. 00 Civ. 6618 (RJD), 2003 WL 1567120, at *1 (E.D.N.Y. Mar. 13, 2003) (granting motion to quash where "plaintiffs took it upon themselves to

serve subpoenas, without prior application to the Court, months after discovery closed, little more than a month before trial, upon a non-party from whom discovery was never before sought."); *Stockwell v. American Allsafe Co.*, No. CIV-84-1179E, 1986 WL 13941, at *1 (W.D.N.Y. Dec. 9, 1986) (granting a motion to quash a subpoena as untimely where the subpoena sought employment records and was not served until approximately eight months after the close of discovery).

Defendants here concede that the subpoena was issued after the close of discovery, and that the requests in the subpoena, at least with regard to the request for pay records, "should have been conducted during the discovery phase." (Letter to the Court from Suzanne M. Halbardier, Esq. dated October 30, 2007 ("Pl. Opp.") at 2-3.) Nevertheless, Defendants assert that the Court should, in its discretion, direct MTA to respond to the subpoena because it seeks records that "will be trial exhibits" and "go to the reasonableness of the plaintiff's conduct." (*Id.* at 2.) Defendants further contend that the subpoena seeks documents that the defense "realized were relevant" only after the parties engaged in a court-ordered mediation on June 28, 2007, where the defense "became concerned that Mr. McKay's training for his own job could be very relevant on the issue of the reasonableness of Mr. McKay's actions on the day of the altercation." (*Id.* at 2.)

This Court agrees with the district courts that have held that service of a Rule 45 trial subpoena after the close of discovery is improper. *See Dodson*, 2005 U.S. Dist. LEXIS 30126, at *3-4 (collecting cases). As an initial matter, Defendants failed to make an application to the Court, pursuant to Rule 16(b) and the Court's Individual Practices,[1] to reopen discovery prior to

---

[1] The Individual Practices of the undersigned, like the Individual Practices of the Honorable Kenneth M. Karas, District Judge, to whom this case was assigned at the time the subpoena was issued, require that parties seeking to file a motion must first submit a pre-motion letter to the Court.

3

serving the subpoena on the MTA despite the fact that the subpoena clearly seeks discovery.[2] Instead of moving to reopen discovery, Defendants issued the subpoena to the MTA without regard to and in spite of the fact that discovery in the case closed in March 2007, approximately five months before the subpoena was served. As such, the Court will construe Defendants' opposition as a motion to reopen discovery for the limited purpose of serving the MTA subpoena.

The Court finds that Defendants have not demonstrated that good cause exists to reopen discovery to permit service and enforcement of the subpoena. Defendants do not contend that any new information has come to light since the mediation; they merely state that they "realized" at the mediation that they were not in possession of certain documents and speculate that those documents, if they exist, "could be relevant" to the issue of the reasonableness of Plaintiff's actions. (Pl. Opp. at 3.) Because Defendants have not shown why they could not have come to this conclusion and sought the subpoena prior to the close of discovery, it cannot be said that Defendants were sufficiently "diligent" in conducting discovery so as to justify reopening discovery five months after the close of discovery. *See Grochowski,* 318 F.3d at 86. To the extent that Defendants made any previous requests for documents covered by the subpoena (*i.e.* pay records, *see* Pl. Opp. at 3) during the discovery period with which Plaintiff did not comply, the appropriate response would have been to make a motion to compel at that time. *See Playboy Enterprises*, 2003 WL 1567120, at *1; *Ellis*, 243 F.R.D. at 112.

---

[2]That this is a subpoena for discovery is evidenced by the fact that the subpoena is returnable to Defendants' counsel's law firm. *See Dodson*, 2005 U.S. Dist. LEXIS 30126, at *3. Here, as in *Dodson*, while the subpoena seeks the production of documents defendants *may* introduce as trial exhibits, "the scope of the request is broad and clearly is designed for discovery, not last-minute trial needs (such as for originals of documents where copies were produced in discovery and there is a need for the original at trial)." *Id.* at *3.

Finally, Defendants assert that the documents are not "discovery under Mr. McKay's custody and control" and that the MTA is prepared to produce the requested documents pending the resolution of this motion. (*Id.* at 2.) Given that the Court has denied Defendants' request to reopen discovery, any arguments pertaining to whether Plaintiff has standing to move to quash the subpoena or whether the third parties are willing to produce the requested documents are moot.

For the foregoing reasons, Defendants' motion to reopen discovery to permit service of the MTA subpoena is DENIED. The parties are directed to serve a copy of this order on the MTA.

SO ORDERED.

Dated:   November 2, 2007
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE