UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
MAURICE MCKAY,

                     Plaintiff,

      -against-

TRIBOROUGH BRIDGE AND TUNNEL
AUTHORITY ("TBTA"), TBTA POLICE OFFICER
MICHAEL CHIAIA, Shield #2507, TBTA POLICE
OFFICER JOSE VASQUEZ, TBTA POLICE
OFFICER CLARENCE WHITAKER SHEILD #422,
TBTA POLICE OFFICER MICHAEL ALBANO,
TBTA POLICE OFFICER MICHAEL ZINO,

                     Defendants.
_____X

ECF CASE

JUDGE SULLIVAN

05 CV 8936

**REQUEST TO CHARGE**

      Plaintiff, MAURICE MCKAY, respectfully requests that the Court charge the jury in the above captioned matter as follows:

1.      PJI 1:21    Review Principles Stated

2.      PJI 1:22    Falsus in Uno

3.      PJI 1:25    Consider Only Testimony and Exhibits

4.      PJI 1:26    Five-sixths Verdict

5.      PJI 1:92    Interested Witness - Employee of Party

6.      PJI 2:70    Proximate Cause

7.      PJI 2:235    (Modified as Follows):

      An employer is responsible for the acts of its employees if such acts are committed in furtherance of the employer's business and within the scope of the employee's authority. I charge you, that as a matter of law, the police officers involved in this case were within the scope of their

1

employment. Thus, if you find that one or more of the officers committed a legal wrong against plaintiff, defendant, TBTA, is liable for his actions.

8.  PJI 2:237    (Modified as follows):

Even though you find that the officers' acts were wilful, the employer, TBTA, is nonetheless responsible for the police officer's acts.

9.  PJI 3:1    Intent defined

10. PJI  3:5 False Arrest or Imprisonment

11. With respect to the cause of action for false arrest, the plaintiff need only prove that he was detained against his will. Once a person is detained against his will, illegality is presumed and the burden is on the defendant to prove justification. (See Raysor v. Port Authority of New York and New Jersey, 768 F.2d 34, 39 (2d Cir. 1985). Thus defendant must prove, by a fair preponderance of the credible evidence that the detention and restraining of plaintiff was justified.

12. PJI 3:50 Malicious Prosecution -

13. 3:60    (Modified, in partas follows)

In this lawsuit, the Plaintiff contends, among other things, that the Defendants' conduct violated his constitutional rights. Mr. McKay claims that the Defendants deprived him of his constitutional right to be free from the use of excessive, unreasonable and unjustified force against his person, and his constitutional right to be free from unreasonable seizures, which includes the right to be free from unlawful arrest, unlawful imprisonment and from malicious prosecution, and deprived him of his constitutional right to liberty and property without due process of law as a result of events that occurred on April 23, 2005. He brings this suit under both Federal and New York State Law. If you find that a constitutional violation occurred here, a federal statute passed by Congress provides the Plaintiff with the right to sue for and recover money damages for his injuries from that violation.

Plaintiff in this case claims damages for injuries alleged to have been sustained by him as a result of the defendants' conduct, which plaintiff contends violated the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

Plaintiff claims that in wrongfully detaining him, defendant violated the Constitution of the United States, particularly the Fourth Amendment's prohibitions against unreasonable seizures, the use of excessive force and the Fourteenth Amendment's prohibition against depriving any person of life, liberty or property without due process of law. Plaintiff claims defendant further violated the Eighth

2

Amendment of the Constitution of the United States, which prohibits the "unnecessary and wanton infliction of pain".

In order to prove a Section 1983 claim, the burden is on the plaintiff to establish by a preponderance of the credible evidence in this case each of the following elements:

A.    That the Defendants or any of them acted under color of state law (which I will explain shortly);
B.    That the conduct deprived the Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and
C.    That the acts of Defendants or any of them were the proximate or legal cause of damages sustained by Plaintiff.

I instruct you that all defendants were employed by defendant TBTA and that whatever actions they took were under color of law. This is so because the officer defendants admit that they were TBTA officers at the time of the incident and were acting as such at the time of the incident.

Authority: Adickes v. S.H. Kress Co., 398 U.S. 144 (1970); Monell v. Department of Social Services, 436 U.S. 658 (1978).

The second element of a Section 1983 claim is that the Plaintiff was deprived of a federal right by the Defendants. In order for the Plaintiff to establish this second element, he must show by a preponderance of the credible evidence: first, that the Defendants committed the acts alleged by Plaintiff; second, that those acts caused the Plaintiff to suffer loss of a federal right; and third, that in performing the acts, the Defendants acted intentionally.

Plaintiff contends that Defendants violated Section 1983 by, amongst other things, the use of excessive force including the unnecessary use of mace, an unlawful arrest, imprisonment and malicious prosecution with respect to the criminal charges lodged against Plaintiff. The Fourth Amendment of the United States Constitution protects the right of a person to be secure against unreasonable seizures, which includes the right to be free from unlawful arrest, imprisonment and from malicious prosecution and the right to be free from the use of excessive and unreasonable force.

Authority:  Maine v. Thiboutot, 448 U.S. 1 (1980);   Dunaway v. New York, 442 U.S. 200 (1979); Singer v. Fulton County Sheriff, 63 F.3d 110 (2nd Cir. 1995).

In this case Plaintiff, claims that his federal rights were violated when the Defendants arrested, booked and imprisoned Plaintiff without probable cause on April 23, 2005.

I have previously described for you the elements of the cause of action for false arrest or imprisonment. It is not disputed that the TBTA officers intended to have plaintiff arrested and in fact did so. Thus, the first element is satisfied with respect to the TBTA officers.

The element that the Plaintiff was aware of his arrest/booking and imprisonment is also satisfied, because it is not in dispute.

Under New York State Law, the defendant TBTA officers, as police officers had the right to arrest the Plaintiff without a warrant only if they had reasonable or probable cause. The burden is on the defendants to prove by a fair preponderance of the credible evidence that they had reasonable or probable cause for believing that Plaintiff had committed the crimes for which he was arrested.

Reasonable or probable cause to arrest a person exists when a police officer has knowledge or reasonable trustworthy information sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed a crime.

Plaintiff in this case, Maurice McKay, was initially charged with Resisting Arrest, Obstruction of Governmental Administration, and Disorderly Conduct Those statutes provides as follows:

PL 205.30   A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person.

PL 195.05   A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act

PL 240.20 (1),(5)   A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof:

   1. He engages in fighting or in violent, tumultuous or threatening behavior; or

   5. He obstructs vehicular or pedestrian traffic.

I charge you that refusal to produce identification is not a crime in new York. Nor can refusal to produce identification support any element of any of the above crimes. Authority: People v. Powell, 246 A.D. 2d 366 (First Dept., 1998); People v. Grullon, 2005 NY Slip Op. 51707U, (Crim. Ct. NY County, 2005); People v. Cameron, 2004 NY Slip Op 50420U, (Kings Crim. Ct., 2004). People v. Alston, 2005 NY Slip Op 25368, (Crim Ct. NY County, 2005).

In this case, Plaintiff also claims that his federal rights were violated and he seeks damages which resulted from his prosecution for the crimes Obstructing Governmental Administration, Resisting Arrest and Disorderly Conduct. The Plaintiff has the burden of proving by a preponderance of the credible evidence that the prosecutions were unreasonable.

I have already outlined for you the elements of the cause of action for malicious prosecution.

4

You need only determine whether there was probable cause for the criminal proceedings against the plaintiff and if not, whether the proceedings were instituted or continued with malice. You do not have to consider the first two elements of the malicious prosecution claim because the Plaintiff has established those elements. There's no question that a criminal proceeding was initiated and continued against Mr. McKay, and there's no question that all of the above charges were dismissed. A prosecution is initiated maliciously if it is initiated for a purpose other than bringing an offender to justice, out of personal ill will or in reckless disregard of the rights of the person accused. Reckless disregard of the rights of the person accused means initiation of the prosecution without any reasonable ground for belief that he is guilty. Malice does not have to be actual spite or hatred. Actual malice can rarely be established through direct evidence, because obviously, you can't look into somebody's head and see what he was thinking at some remote time in the past. Malice can be proved through inferences drawn from all of the surrounding circumstances. If you find that the Defendants did not have probable cause for believing Plaintiff guilty at the time they initiated or assisted in the initiation in the prosecutions, you may infer from that fact alone that the Defendants acted maliciously. If you find that the Defendants did not act maliciously, your verdict must be for the Defendants, even though you find that they did not have probable cause to believe Plaintiff guilty. If you find that Plaintiff has proven both that the Defendants did not have probable cause and that they acted maliciously, your verdict will be for the Plaintiff and you will proceed to consider the question of damages.

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested. In other words, a law enforcement official may only employ the amount of force necessary under the circumstances to make the arrest.

In the instant case, the Plaintiff claims that he was subjected to excessive force by the Defendant Whitaker when the Defendant maced Plaintiff while he was seated in his car. Again, you first must determine the circumstances when defendant Whitaker committed the alleged act. To determine whether the acts caused the plaintiff to suffer the loss of a federal right, you must determine whether the amount of force used on Plaintiff was that which a reasonable officer would have employed in similar circumstances. In making this determination, you may take into account the severity of the crime at issue, whether the Plaintiff posed an immediate threat to the safety of the Defendant or others, and whether the Plaintiff actively resisted arrest or attempted to evade arrest by escape. If you find that the amount of force used was greater than a reasonable person would have employed, the Plaintiff will have established the claim of loss of a federal right.

The use of force by police officers is not reasonable under the Constitution if there is no need for force. It is unreasonable and a violation of the Fourth Amendment for a police officer to use physical force on a person who has been arrested and restrained, who is securely under the control of the police, and who is not attempting to escape.

The third element of a Section 1983 claim is that the acts of the Defendants or any of them were the proximate or legal cause of the damages sustained by Plaintiff. Proximate cause means that there must be a sufficient causal connection between the act or omission of a

Defendant and any injury or damage sustained by Plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was, a reasonably foreseeable consequence of the Defendants' acts or omissions.

14.   PJI 2:280   Damages - Personal Injury - injury and pain and suffering

15.   If you find for the Plaintiff on any or all of his claims, you may award reasonable compensation for, amongst other similar items, the following: Public humiliation, embarrassment, loss of personal or professional reputation, suspension from work, loss of salary, loss of overtime, loss of advancement in employment, fear, agitation, ridicule while on the job, physical injuries, degradation, shock, emotional distress, and/or upset, pain, suffering, sleeplessness, loss of self-worth, loss of appetite, outrage, sense of helplessness, and the like.

**Authority:** Owen v. City of Independence, 445 U.S. 622 (1980); Monell v. Department of Social Services, 436 U.S. 658 (1978).

16.   PJI 2:280.1   Loss of enjoyment of life

17.   PJI 2:281   Damages - Personal Injury - Permanence - Life Expectancy

18.   PJI 2:284   Damages - Personal Injury - Shock and Fright and Physical Consequences Thereof

19.   PJI 2:278   Damages - Punitive

Dated: Brooklyn, New York
       November 19, 2007

Respectfully submitted,

David A. Zelman, Esq. (Dz8578)
612 Eastern Parkway
Brooklyn, NY 11225
(718) 604-3072 (ph)
(718) 604-3074 (fax)

6