UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

MAURICE MCKAY,

                      Plaintiff,

-against-

TRIBOROUGH BRIDGE AND TUNNEL
AUTHORITY ("TBTA"), TBTA POLICE OFFICER
MICHAEL CHIMA, Shield #2507, TBTA POLICE
OFFICER JOSE VASQUEZ, TBTA POLICE
OFFICER CLARENCE WHITAKER SHEILD #422,
TBTA POLICE OFFICER MICHAEL ALBANO,
TBTA POLICE OFFICER MICHAEL ZINO,

                      Defendants.
_____X

JUDGE SULLIVAN

05 CV 8936

**PROPOSED JOINT PRE-TRIAL ORDER**

    Now come the parties, by and through their respective counsel, and hereby and herein submit the following as a Proposed Joint Pre-Trial Order as required by the Individual Rules of the Honorable Richard J. Sullivan, United States District Judge, Southern District of New York.

1. Caption Above.

2. Trial Counsel:
Attorney for Plaintiff:
Mr. David A. Zelman, Esq. (DZ8578)
Law Office of David A. Zelman
612 Eastern Parkway
Brooklyn, NY 11225
Phone: (718) 604-3072
Fax: (718) 604 3074

Attorney for Defendants:
John V. Wynne, Esq.
Barry McTiernan & Moore
Attorneys for Defendants
2 Rector Street,
New York, NY 10007
212 313 3600
File No. TB 50514

3. Basis for Federal Jurisdiction: Plaintiff claims that jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. Plaintiff alleges that this Court has pendant jurisdiction over plaintiff's state law claims.

4. Plaintiff complains that his rights pursuant to 42 U.S.C. Section 1983 were violated by defendants TBTA, Chiaia, Zino, Albano and Whitaker in that he was arrested by these defendants, prosecuted by reason of the statements of these defendants and was subjected to excessive force during Plaintiff's arrest. In addition, Plaintiff complains that the above defendants violated Plaintiff's First Amendment right to refuse to produce identification pursuant to law. All claims against the City of New York were dismissed without prejudice by stipulation. No claims were withdrawn as against the remaining defendants.

Defendant asserts that plaintiff was lawfully ordered to cease use of a mobile telephone while operating a motor vehicle in violation of New York Vehicle & Traffic law. Defendant further refused to identify himself or produce his driver's license when directed to do so. Plaintiff became belligerent and indicated that he wanted a fight with defendants. Plaintiff was removed from his vehicle, fought and was subsequently subdued and arrested. Plaintiff pleaded guilty to unlawful use of a mobile phone while operating a motor vehicle and paid a fine.

5. This case is to be tried by a jury. It is anticipated that the trial will last 2-3 days.

6. The parties do not consent to proceed before a Magistrate.

7. The parties have not stipulated any factual or legal matters.

8. Plaintiff will testify in person as to his experiences giving rise to this action and as to his damages subsequent to the incident. Gabriele Stutman, PhD will be called to testify in person regarding psychological damages sustained by the Plaintiff by reason of the incident, the prosecution, the plaintiff's suspension from employment and other matters claimed to be related to the complained of incident. Plaintiff will call defendants Chiaia and Whitaker to the stand to testify regarding the incident. Plaintiff will call to testify in person a custodian of records at plaintiff's employment, Metropolitan Transportation Authority to testify as to plaintiff's suspension from employment, pay rate and matters related to the employment effects of plaintiff's arrest and subsequent prosecution.

Defendants will offer testimony from Bridge and Tunnel officers Michael Zino, Clarence Whitaker, Jose Vasquez and Michael Chiai. They will testify as to their observations, training, response and the plaintiff's words and actions.

9. Plaintiff will not offer any deposition testimony, other than to impeach.

11/20/2007 12:57   7186043074   DAVID A ZELMAN   PAGE 01

Defendant will not offer any deposition testimony, other than to impeach.

10. Plaintiff will offer into evidence the criminal court complaint dated May 25, 2005; the videotape of the incident, documents demonstrating plaintiff's suspension from employment, the disposition of the criminal case; Plaintiff's Southside Hospital records and receipts from plaintiff's criminal defense attorney indicating payments made to represent him

Defendant will offer into evidence TBTA incident reports, memo books and related reports as well as a videotape taken by a TBTA camera. Defendant will offer records from Southside Hospital.

11. Plaintiff consents to less than a unanimous verdict.

Defendant does not consent to a less than unanimous verdict.

Dated: Brooklyn, New York
November 19, 2007

DAVID ZELMAN, ESQ.
Attorney for Plaintiff
Law Office of David A. Zelman
612 Eastern Parkway
Brooklyn, NY 11225

By: DAVID ZELMAN (DZ8578)

John V. Wynne, Esq. (JVW 3072)
Barry McTiernan & Moore
Attorneys for Defendants
2 Rector Street,
New York, NY 10006
212 313 3600

By: John V. Wynne, Esq.