UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   05-CV-8936
MAURICE MCKAY

                              Plaintiff,

   - against -

TRIBOROUGH BRIDGE AND TUNNEL
AUTHORITY ("TBTA"), TBTA POLICE OFFICER
MICHAEL CHIAIA, Shield #2507, TBTA POLICE
OFFICER JOSE VASQUEZ, TBTA POLICE OFFICER
CLARENCE WHITAKER, Shield #422, TBTA
POLICE OFFICER MICHAEL ALBANO, TBTA and
POLICE OFFICER MICHAEL ZINO,

                              Defendants.
------------------------------------------------------------------------X


Defendants, TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY ("TBTA"), TBTA POLICE OFFICER MICHAEL CHIAIA, Shield #2507, TBTA POLICE OFFICER JOSE VASQUEZ, TBTA POLICE OFFICER CLARENCE WHITAKER, Shield #422, TBTA POLICE OFFICER MICHAEL ALBANO, TBTA and POLICE OFFICER MICHAEL ZINO, by their attorneys Barry, McTiernan and Moore respectfully requests that, in addition to the instructions normally given in an action of this type, the following instructions be given to the jury:

### DEFENDANT'S PROPOSED REQUESTS TO CHARGE

**1.**      **Burden of Proof**


PJI 1:60        General Instruction Burden of Proof 


**2.**      **Comparative Negligence**

    **PJI 2:36**    Comparative Negligence-If you find the defendant was negligent and that the defendants' negligence contributed to causing the damages claimed by plaintiff, you must next consider whether the plaintiff was also negligent and whether the plaintiff's conduct contributed to causing plaintiff's alleged damages.

    If you find that the plaintiff was not negligent, or if negligent, that his negligence did

not contribute to causing said alleged damages, you should go no further and report your findings to the court.

If however, you find that the plaintiff was negligent and that his negligence contributed to causing the alleged damages he claims, you must then apportion the fault between the plaintiff and the defendants.

Weighing all the facts and circumstances, you must consider the total negligence, that is, the negligence of both the plaintiff and the defendants which contributed to causing the alleged damages and determine what percentage of fault is chargeable to each. In your verdict, you will stated the percentages you find. The total of those percentages must equal one hundred percent.

**PJI 2:36.1**- If you should find that Plaintiff and defendant(s) were equally negligent you would report that each was 50% responsible. If you should find that one party was more negligent than the other, you would assign a higher percentage to that party and a lower percentage to the other, with the total of the percentages equaling one hundred percent.

**PJI 2.36.2 -** You must now decide from the evidence before you the total amount of damages suffered by the plaintiff in dollars in accordance with the rules that I am about to explain to you. In arriving at the total, you must not consider the percentages of negligence but must simply report the total amount of the plaintiff's damages.

### 3. The TBTA Defendants Were Acting In Performance of Public Duty or Authority- (Probable Cause)

In this lawsuit Mr. McKay contends, among other things, that his constitutional rights were violated by the defendants violated his Constitutional rights, particularly under the Fourth Amendment's prohibitions against unreasonable seizures, the use of excessive force. However, the jury must find that if **Probable Cause**- (Pursuant to CPL 140.10) existed, when the arresting officer(s) have reasonable cause for believing that crime has been committed and that the person arrested has committed it, or when the officer has reasonable cause for believing that the person arrested has committed an offense in the officer's presence, Aliferis v. American Airlines, Inc. ,63 NY2d 370, 482 NYS2d 453, 472 NE2d 303. Here, if you find that Mr. McKay was speaking on his cell phone as he handed Officer Chaia his toll money and refused to get off the phone when asked bu the Officer, (thus violation of Vehicle and Traffic Law 1102), then further refused to hand Officer Chaia and then Sergeant Whitaker his license and registration (Obstruction of Governmental Administration), and lastly refused to step out of the car when he was told he was being placed under arrest, further rolling up windows in an attempt to blockade himself inside his vehicle (Resisting Arrest) that these TBTA Officers had the requisite probable cause to arrest Mr. Mckay and lawfully detain him, and thus not in violation of Mr. McKay's Constitutional rights.

**4.    Excessive Force**

The jury should find that a police officer(s) who seeks to make a lawful arrest, has another person lawfully in custody has the right to use as much force as he reasonably believes necessary in order to (make the arrest, prevent such person's escape) and can be held liable only if no force was necessary, the force used was excessive.

Plaintiff here claims that defendant(s) (in the process of arresting plaintiff and while the plaintiff was in defendant's custody) violated his Constitutional rights, particularly under the Fourth Amendment's prohibitions against unreasonable seizures, the use of excessive force, Fourteenth Amendment's prohibition against depriving any person of life or liberty without the due process of law, and the Eighth Amendment's Section 1983. However, If you find that defendants were justified in spraying plaintiff with pepper spray and forcibly removing him from his vehicle subsequent to the spraying, but because plaintiff was uncooperative in turning over his license and registration after several requests by the officers and Sergeant and further resisted arrest after being told by the uniformed officers he was under arrest, that defendants used only as much force as they reasonably believed necessary under the circumstances to quell any situation brewing, and to protect the safety of the officers involved and the pedestrians at the toll booths surrounding Mr. McKay's vehicle..

This jury must take into consideration all of the circumstances existing at the time and place of the incident. If you find that if was not reasonable for the defendants to believe that plaintiff was resisting arrest and that he was a threat to the safety of the TBTA officers, and the surrounding civilians at the toll plaza, then the defendants were not justified in using force at all, then you can find that the in using force at all and you will find that defendant committed a battery.

If, however, you find that defendant reasonably believed that plaintiff was indeed resisting arrest and a potential harm to the TBTA Officers, you must decide whether the force used was reasonably necessary. In making that decision, you must take into consideration all of the circumstances confronting defendant at the time and place of the incident, including what defendant saw and heard; whether there was assistance available to the defendants; what if anything you find defendant had observed or heard about a commission of a crime in the area. Defendants were not required at their own peril to measure the precise amount of force necessary to quell the exigent circumstances.

If you do find that the defendants reasonably believed plaintiff was resisting arrest and that defendants used no more force that necessary, you will find that defendant committed no battery.

**5. Mitigation of Damages**- Defendant may show in mitigation of compensatory as well as punitive damages that the plaintiff's worse or actions provoked the battery. *See* Albicocco v. Nicoletto, 11 AD2d 690, 204 NYS2d 566 *aff'd*, 9 NY2d 920, 217 NYS2d 91, 176 NE2d 1000; Pirodsky v. Pirodsky, 179 AD2d 1066, 579 NYS2d 524; Shenkman v. O'Malley, 2 AD2d 567,157 NYS2d 290. The jury must be instructed that if it finds

that plaintiff provoked defendant's acts and that the provocation was so recent as reasonably to indicate that defendant's acts were committed in the state reasonably to indicate that defendant's acts were committed in the state of excitement endangered by plaintiff's provocation, it may take such facts into consideration in fixing the amount of plaintiff's damages, Lee v. Woolsey, 19 Ad2d 319; Curtis v. Kozeluh, 50 NYS2d 883. With respect to the measure of damages, PJI 2:280 through 2:300 may be adapted. If this Jury finds that but for the actions or inaction of Mr. McKay these officers were put into a situation where they had to react with force enough to remove Mr. McKay from his car, then this jury must take plaintiff's actions into consideration and mitigate the damages (if any) awarded to the plaintiff.

**6. Qualified Immunity**- If the jury finds that these TBTA Officers were acting in the function of police officers and (1) did not violated Mr. McKay's Constitutional rights, and (2) it is objectively reasonable that the TBTA Officers themselves did not believe that they were violating Mr. McKay's rights, these officers should be granted immunity and be shielded from civil damages in this lawsuit. The defense of qualified immunity shields government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). As a general rule, police officers are entitled to qualified immunity if "(1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did not violate those rights." Weyant v. Okst, 101 F.3d 845, 857 (2d Cir.1996). The first of these prongs presents a pure question of law while the second is a mixed question of law and fact. Kerman v. City of New York, 374 F.3d 93, * 109 (2d Cir. 2004).

The Supreme Court has explained that a defense of qualified immunity requires "the objective inquiry of whether a reasonable officer *could* have believed that [his actions were] lawful, in light of clearly established law and the information the officer [ ] possessed." Wilson v. Layne, 526 U.S. 603, 119 S.Ct. 1692, 1700, 143 L.Ed.2d 818 (1999)(emphasis added). The standard used to determine whether qualified immunity should be granted thus differs from the one that governs the lawfulness of the arrest itself. Probable cause to make a lawful arrest exists when the officer has "knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir.1995)(internal quotation omitted). In the context of a qualified immunity defense to an allegation of false arrest, by contrast, the Second Circuit has held that the defending officer need only show "arguable" probable cause. See Lee, 136 F.3d at 103 (citing Gold v. City of Miami, 121 F.3d 1442, 1445 (11th Cir.1997) (per curiam) ("Arguable" probable cause exists when "a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed in the light of well-established law.")) Thus, a grant of qualified immunity is appropriate if officers of reasonable competence could disagree on whether the probable cause test was met. Robison 821 F.2d at 921. In situations where an officer may have reasonably but mistakenly concluded that probable cause existed, the officer is entitled to qualified

immunity. <u>Caldarola v. Calabrese, 298 F.3d 156, 162</u>; <u>Lee v. McCue</u>, 2007 U.S. Dist. LEXIS 57867.

        Dated this Friday, November 23, 2007.
        Respectfully Submitted by,


        John V. Wynne, Attorney for Defendants
        (JVW  3072 )
        2 Rector Street – 14th Floor
        New York, New York 10006